## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRANCE TEARS, | Case No.: 1:17-cv-09793-AJN |
| Plaintiff, | |
| vs. | |
| BOSTON SCIENTIFIC CORPORATION, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO VACATE OR ALTER JUDGMENT IN FAVOR OF
DEFENDANT PURSUANT TO RULES 59(e) AND 60(b)(6) AND TO RECONSIDER
AND TO RE-OPEN THIS CASE PURSUANT TO LOCAL RULE 6.3, AND
INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................. 1

II.     STATEMENT OF FACTS ............................................................................................. 1

III.    ARGUMENT .................................................................................................................. 3

  A.    Legal Standard ............................................................................................................ 3

  B.    The Supreme Court and Rule 15 Mandates that Leave to Amend Be Freely Given. .......... 4

  C.    Dismissal with Prejudice Without Opportunity to Amend Violates Rule 15(a)................. 4

  D.    Specificity is not Required in all of Plaintiff's Claims ........................................ 8

  E.    Amendment Would Not Be Futile. ................................................................... 10

    i.    Design defect.................................................................................................. 10

    ii.   Manufacturing Defect .................................................................................. 11

    iii.  Failure to Warn ............................................................................................ 11

    iv.   Express warranty .......................................................................................... 11

    v.    Breach of Implied Warranty of Merchantability .......................................... 11

    vi.   Misrepresentation ........................................................................................ 12

IV.     CONCLUSION ............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*F5 Capital v. Pappas*, 856 F.3d 61(2d Cir. 2017) ............................................................ 11

*Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007) ......................................... 3

*Finger v. McGinnis*, 2004 U.S. Dist. LEXIS 11048 (S.D.N.Y. June 15, 2004) ............ 4

*Foman v. Davis*, 371 U.S. 178 (1962) ............................................................................. 4

*Harris v. City of New York,* 186 F.3d 243 (2d Cir. 1999) ............................................ 4, 5

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015) 6, 7, 8, 10

*Romain v. Capital One, N.A.*, 2014 U.S. Dist. LEXIS 57399 (E.D.N.Y. Apr. 24, 2014) ............. 3

*Ronzani v. Sanofi S.A.*, 899 F.2d 195 (2d Cir. 1990) ..................................................... 8

*Smith v. Johnson & Johnson Co.*, 6 Misc. 3d 1001(A) (N.Y. Sup. Ct. 2004) ....................... 9, 10

*Speller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38 (2003) ............................................... 8, 9

*Swart v General Elec. Co.*, 2010 N.Y. Misc. LEXIS 1754, 2010 NY Slip Op 30821(U) ** (App. Div. 1st Dep't 2010) .................................................................................................. 9

*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102 (1983) ............................................. 9, 10

*Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011). ............................................ 8

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................... passim

Fed. R. Civ. P. 15(a) ....................................................................................... 4, 5, 6, 9

Fed. R. Civ. P. 59(e) ................................................................................................. 1

Fed. R. Civ. P. 60(b)(6)............................................................................................. 1

Plaintiff TERRANCE TEARS, by and through undersigned counsel, hereby files this motion and memorandum of law in support of Plaintiff's motion to vacate or alter the judgment entered for Defendant Boston Scientific Corporation ("Defendant" or "BSC") and against Plaintiff pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6), and to reconsider its September 29, 2018 order closing this case and to re-open this case pursuant to Local Rule 6.3.

## I.   <u>INTRODUCTION</u>

Despite having requested leave to amend if the Court found his allegations lacking, Plaintiff's pre-answer, pre-discovery complaint was dismissed with prejudice pursuant to Rule 12(b)(6) *without* leave to amend, and judgment was entered in favor of Defendant, closing this case. The Court refused Plaintiff his requested opportunity to cure any perceived deficiencies in his allegations without finding that amendment would be futile, or that Plaintiff had acted with undue delay, dilatory motive, or any other grounds on which the Supreme Court has acknowledged that such a drastic sanction may be proper.  It is well-established that the Court may only take such action if it is *beyond doubt* that the plaintiff cannot cure such deficiencies, and the outright refusal to grant leave to amend without any justifying reason is an abuse of the Court's discretion. Plaintiff now brings this instant motion requesting that this Court vacate the judgment in favor of Defendant, reconsider its decision, and re-open this case.

## II.   <u>STATEMENT OF FACTS</u>

Plaintiff's claims were filed originally in New York Supreme Court in New York County on October 11, 2017. Declaration of Kevin S. Wang ("Wang Decl.") at ¶ 2; Dkt. No. 1-2 (Notice of Removal, Exhibit A). On December 14, 2017, Boston Scientific Corporation ("Defendant") removed this case from New York Supreme Court to the United States District Court in the Eastern District of New York. Wang Decl. at ¶ 3; Dkt. No. 1. On December 21, 2017, Defendant filed its

1

Rule 12(b)(6) motion to dismiss the complaint and its memorandum of law and declaration of support of this motion. Wang Decl. at ¶ 4; Dkt. Nos. 5-7. On December 22, 2018, this Court entered an Order stating "Pursuant to Rule 3.F of this Court's Individual Practices in Civil Cases, on or before December 31, 2017, Plaintiff must notify the Court and its adversary in writing whether (1) it intends to file an amended pleading and when it will do so or (2) it will rely on the pleading being attacked." Dkt. No. 8. The Court's order further stated that "declining to amend its pleadings to timely respond to a fully briefed argument in the Defendant's December 21 motion to dismiss may well constitute a waiver of the Plaintiff's right to use the amendment process to cure any defects that have been made apparent by the Defendant's briefing." Dkt. No. 8 (internal citations omitted).

On January 12, 2018, this Court issued an order setting the briefing schedule for Defendant's motion to dismiss and mandating that, "pursuant to Rule 3.F of this Court's Individual Practices in Civil Cases, on or before January 18, 2018, Plaintiff must notify the Court and its adversary in writing whether (1) it intends to file an amended pleading and when it will do so or (2) it will rely on the pleading being attacked." Dkt. No. 13. On January 18, 2018, Plaintiff's counsel notified this Court via letter that Plaintiff will rely on his pleadings. Dkt. No. 14. On January 22, 2018, Plaintiff filed his response in opposition to Defendant's motion, memorandum of law in support of this opposition, and the declaration by Debra J. Humphrey in support of Plaintiff's opposition to Defendant's motion to dismiss. Dkt. Nos. 15-16. On January 29, 2018, Defendant filed its reply in support of its motion to dismiss. Dkt. No. 17. On May 1, 2018, this Court issued its order setting the initial pre-trial conference in this matter.  Dkt. No. 18. On June 11, 2018, Defendant also filed its notice of supplemental authority. Dkt. No. 19. On July 9, 2018,

Defendant requested an adjournment of the initial pre-trial conference scheduled by the Court, which the Court granted on July 10, 2018.  Dkt. Nos. 20-21.

On September 29, 2018, this Court issued its Memorandum Opinion & Order, in which it dismissed Plaintiff's complaint with prejudice and denying Plaintiff leave to amend his complaint and set forth the reasons and grounds for same.  *See* September 29, 2018 Memorandum Opinion & Order entered on October1, 2018 ("Order"), Dkt. No. 22.  On October 1, 2018, this Court entered judgment in Defendant's favor against Plaintiff and closed this case in full.  *See* Dkt. No. 23. Plaintiff now files the instant motion to vacate or alter judgment entered in favor of Defendant and against Plaintiff pursuant to Rules 59(e) and 60(b)(6) and to reconsider its Order and re-open this case, giving Plaintiff leave to amend, pursuant to Local Rule 6.3.

## III.   <u>ARGUMENT</u>

### A.  **Legal Standard**

Under Rule 60, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any reason that justifies relief on motion and just terms. Fed. R. Civ. P. 60(b)(6).  Motions for reconsideration brought pursuant to Local Rule 6.3 are proper when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. *Romain v. Capital One, N.A.*, No. 13-CV-3035(JS)(WDW), 2014 U.S. Dist. LEXIS 57399, at *3 (E.D.N.Y. Apr. 24, 2014).  Reconsideration should be granted when the Court "did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court." *Id*.  The Court of Appeals' standard of review of a district court's denial of leave to file an amended complaint is for abuse of discretion. *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).

3

**B.  The Supreme Court and Rule 15 Mandates that Leave to Amend Be Freely Given.**

Under Rule 15, leave to amend "shall be freely given when justice so requires" and intends that leave to amend to be freely granted, absent surprise or prejudice resulting from any delay. Fed. R. Civ. P. 15(a). Dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim is proper only where "it appears ***beyond doubt*** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir. 1999). Claims dismissed under are almost always dismissed with leave to amend. *Yoder v. Orthomolecular Nutrition Institute, Inc.*, 751 F.2d 555, 562 (2d Cir. 1985). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).  Absent any apparent or declared reason, such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment, the rules require that the leave be freely given. *Id.* While the grant or denial of an opportunity to amend is within the discretion of the district court, the Supreme Court held that "***the outright refusal to grant the leave without any justifying reason*** appearing for the denial is not an exercise of discretion" but rather, it "***abuse of that discretion and inconsistent with the spirit of the Federal Rules***." *Id*. (emphasis added).

**C.  Dismissal with Prejudice Without Opportunity to Amend Violates Rule 15(a).**

Plaintiff respectfully submits that by dismissing Plaintiff's complaint with prejudice, denying Plaintiff leave to amend his complaint, and entering judgment in Defendant's favor – all without finding that any of the enumerated and specifically identified grounds which the Supreme Court has found that denial of leave to amend is proper exists here – violated Rule 15(a) and the Supreme Court's mandate on this issue. In the present matter, the Court granted Defendant's

4

motion to dismiss with prejudice and denied Plaintiff the opportunity to remedy the deficiencies in the complaint *without* finding that such deficiencies cannot be cured *beyond doubt*. *See* Order. It is well-established in the Second Circuit that the Court may grant a Rule 12(b)(6) motion with prejudice and without leave to amend "only if, after viewing plaintiff's allegations in this favorable light, it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris, supra*, 186 F.3d at 247 (emphasis added).

Nowhere does the Court determine it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See generally*, Order. Nowhere does the Court determine that amendment would be futile, nor that Plaintiff acted with undue delay, bad faith, or dilatory motive. *See generally*, Order. The Court, in concluding that "granting a further opportunity to amend would not serve the interests of justice," did not make any findings that would support the denial of Plaintiff's request for leave to amend.  Order at p. 21.  Instead, in denying Plaintiff's request for leave to amend, this Court stated that "Tears could have filed an amended complaint as a matter of course within 21 days of service of the motion to dismiss.." *Id.* Plaintiff submits that to amend his complaint at that point would not have cured the ultimate deficiencies found by the Court because those deficiencies are different from those raised by Defendant: indeed, while Defendant argued that Plaintiff had not adequately alleged any injury, the Court found that Plaintiff had sufficiently pleaded his injuries.  Order at pp. 4-5. Here, however, the Court granted Defendant's motion and denied Plaintiff's request for leave to amend, suggesting that Plaintiff should have amended his complaint *in the critical absence of a definitive ruling* from the Court. Order at p. 21 ("Tears could have filed an amended complaint as a matter of course within 21 days of service of the motion to dismiss…").

5

In *Loreley*, the Second Circuit overturned the District Court's order dismissing plaintiff's complaint with prejudice without allowing plaintiff leave to amend, finding that "the court treated Plaintiffs' decision to stand by the complaint after a preview of Defendants' arguments—in the critical absence of a definitive ruling—as a forfeiture of the protections afforded by Rule 15. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (hereinafter "*Loreley*"). This was, in our view, premature and inconsistent with the course of litigation prescribed by the Federal Rules." *Loreley, supra*, 797 F.3d at 190.  The Second Circuit found that the district court had acted with impropriety "when it presented [p]laintiffs with a Hobson's choice: agree to cure deficiencies not yet fully briefed ***and decided*** or forfeit the opportunity to replead." *Id.* (emphasis added). Indeed, "***[w]ithout the benefit of a ruling***, many a plaintiff will not see the necessity of amendment ***or be in a position to weigh the practicality and possible means of curing specific deficiencies***."  *Loreley, supra*, 797 F.3d at 190 (emphasis added). Plaintiff respectfully submits that he was presented with the same fatal choice in this matter.

The Court's December 22, 2017 directive forced Plaintiff to choose between waiving his right to amend his complaint or stand by his original pleadings. The Court further suggests that the reason why its Order was warranted is because "[i]ndeed, the Court specifically warned Tears that "declining to amend its pleadings to timely respond to a fully briefed argument" in the motion to dismiss could constitute a waiver of his "right to use the amendment process to cure any defects that have been made apparent by the Defendant's briefing." Order at p. 21.

Plaintiff respectfully submits that the Court's individual practices and the use of the *Loreley* decision, used in application of the facts in this specific matter, are inconsistent with the Second Circuit's holding in *Loreley* and with the spirit of the Federal Rules and of this Court's general

practice of adjudicating cases on the merits and giving the parties leave to amend freely as justice so requires.  The Court's Order implies that the *Loreley* decision supports its individual practices and its rationale for ultimately dismissing Plaintiff's complaint with prejudice and without leave to amend here because Plaintiff decided to oppose Defendant's motion rather than amend his Complaint before a ruling was made as to its adequacy. Dkt. No. 8.[1] The Court decided that because Plaintiff chose to stand by his original complaint and did not specify how any amendment would cure any deficiencies, which were at that time unknown to Plaintiff, Plaintiff's actions constituted a waiver of his right to use the amendment process to cure any defects in his complaint. Order at p. 21.

*Nowhere* in Loreley does the Second Circuit support this position.[2] Not only were the defects that the Court ultimately found warranted the dismissal of Plaintiff's complaint pursuant to 12(b)(6) ***not*** "made apparent by the Defendant's briefing," Plaintiff was not in a position to ***weigh the practicality and possible means of curing specific deficiencies*** without this Court's ruling. *See Loreley, supra,* 797 F.3d at 190. *Loreley* expressly listed the grounds on which denial of leave to amend would be proper: none of those enumerated and specifically identified grounds exist here. *Id.*

Plaintiff submits that the denial of leave to amend the Complaint in this matter was improper because the Court did not find any grounds for which denial of leave to amend may be held proper. The Court simply concludes that "further opportunity to amend would not serve the interests of justice." *See* Order at p. 21. The Second Circuit has repeatedly overturned district court

---

[1] "Plaintiff is on notice that declining to amend its pleadings to timely respond to a fully briefed argument in the Defendant's December 21 motion to dismiss may well constitute a waiver of the Plaintiff's right to use the amendment process to cure any defects that have been made apparent by the Defendant's briefing." (citing *Loreley*).

[2] This Court acknowledges in its individual practices that "the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility". *Loreley*, 797 F.3d at 190.

decisions denying a plaintiff leave to amend absent "bad faith, undue delay, undue delay, bad faith, dilatory motive, and futility." *See Loreley, supra*, 797 F.3d at 190; *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). "No improper purpose is alleged. And while leave may be denied where amendment would be futile, the approach taken by the district court was not rooted in futility." *Loreley, supra*, 797 F.3d at 190. "Rather, the court treated Plaintiffs' decision to stand by the complaint after a preview of Defendants' arguments—***in the critical absence of a definitive ruling***—as a forfeiture of the protections afforded by Rule 15." *Id.* (emphasis added). The Second Circuit found that the district court's conduct was a clear abuse of discretion, and in overturning this decision, emphatically highlighted that "[t]his was, in our view, premature and inconsistent with the course of litigation prescribed by the Federal Rules." *Loreley, supra*, 797 F.3d at 190 (internal citations omitted) (emphasis added). Where, as here, a plaintiff offers to amend his pleadings to correct any perceived deficiencies with respect to his claims, the Second Circuit has repeatedly found that the district court abused its discretion in dismissing the complaint without leave to amend. *See, e.g., Ronzani v. Sanofi S.A.*, 899 F.2d 195 (2d Cir. 1990).

The Court states that "[n]owhere in Tears' opposition brief does he suggest how amendment at this stage "would permit him to cure the deficiencies in the complaint." Order at p. 21. Because those deficiencies were unknown to Plaintiff at the time he submitted his opposition to Defendant's motion, Plaintiff was not in a position to be able to do so. In light of this decision, Plaintiff contests that further amendment would not be futile in his case.

### D. Specificity is not Required in all of Plaintiff's Claims

New York has long recognized that to prevail on a manufacturing defect claim, a plaintiff "is not required to prove the specific defect" and that "proof of necessary facts may be circumstantial." *Speller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003). Indeed, at the

8

pleading stage, Plaintiff need not identify the specific manufacturing defect claimed or exactly how the design of the product was defective.  *See Swart v General Elec. Co.*, 2010 N.Y. Misc. LEXIS 1754, 2010 NY Slip Op 30821(U) ** (App. Div. 1st Dep't 2010). In *Swart*, the cause of action for strict product liability alleges that the product was a defective and unreasonably dangerous product when defendants placed it into the stream of commerce and that it caused plaintiff's injuries. *Id.* at *6. "The question of whether a product was not reasonably safe is for the jury to decide based on all the evidence presented by both plaintiff and defendants." *Id.* citing *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 (1983). "Thus, at this stage, where no discovery has taken place, the first cause of action will not be dismissed." *Id.* at *6-7.  Plaintiff's failure to warn, negligence, and fraud claims were likewise not dismissed at this pre-discovery pleading stage.  *Id.* at *6. While the Order correctly cites the *Speller* decision in stating that "to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants," Plaintiff must do this at trial, not at the pleading stage.  *Sears, Roebuck & Co.*, 100 N.Y.2d at 41.

Plaintiff is not required to specifically plead the existence of a feasible alternative design for his defective design claim to survive.  In *Voss*, the Court of Appeals stated that the balancing test applies to the strict products liability tort cause of action for defective design and what constitutes a "defect" in the design of a product. *Voss.*, 59 N.Y.2d at 109-110.  Therefore, contrary to defendants' argument and the rationale put forth by this Court's Order, plaintiff is not required to show that there was an alternative design or formulation of a prescription drug [or product] available in order to prove its strict liability cause of action. *See, e.g.*, *Smith v. Johnson & Johnson Co.*, 6 Misc. 3d 1001(A) (N.Y. Sup. Ct. 2004). Instead, the Court of Appeals has said that ***the***

***availability of an alternative design is merely one factor*** that the fact finder may consider in determining whether the product was defective as an element of a strict products liability cause of action. *Voss*, *supra*, 59 N.Y.2d at 109-110. Because the issue of whether there was any alternative design for [the product is only one factor to be considered as an element of a strict products liability cause of action by the trier of fact, and there are factual issues that must also be considered (which Plaintiff has alleged), dismissal of this claim is not proper. *See Voss, supra*, 59 N.Y.2d at 109-110; *Johnson & Johnson Co.*, 6 Misc. 3d 1001(A) at *18-19.

**E.  Amendment Would Not Be Futile.**

Plaintiff respectfully submits that granting Plaintiff leave to amend his complaint would not be futile, and the defects that this Court found in the complaint and highlighted in the Order will be cured by way of amendment. The Second Circuit has long stated that "the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility". *See Loreley, supra*, 797 F.3d at 190. Nowhere did the Court determine that amendment would be futile, nor that Plaintiff acted with undue delay, bad faith, or dilatory motive. The Court concluded only that "granting a further opportunity to amend would not serve the interests of justice." Order at p. 21.

**i.  Design defect**

The Court, in its Order, pointed out the deficiencies it found in Plaintiff's complaint. The Court found that Plaintiff's complaint failed to plead a cause of action for defective design because it "failed to allege with sufficient specificity *how* the design of the Greenfield Filter was defective" as to his design defect claim, fails to "plead facts alleging that the Greenfield Filter with which he was implanted is defective as compared to other Greenfield Filters, or alternatively to exclude all other causes of the device's migration" and *how* these warnings were not sufficient to put Tears' physician on notice of the risk of filter migration." Order at pp. 6-11. Plaintiff submits that these

deficiencies are curable by simple amendments to the complaint, as set forth in his proposed amended complaint. *See* Exhibit 1 to Wang Decl. at ¶¶ 126- 151. *Cf. F5 Capital v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017).[3]

### ii.    Manufacturing Defect

The Court found that the complaint failed to state a cause of action for breach of express warranty because it lacked facts alleging that the Greenfield Filter with which he was implanted is defective as compared to other Greenfield Filters, or alternatively to exclude all other causes of the device's migration. Plaintiff's proposed amendments cures these deficiencies. Exhibit 1 at ¶¶ 162-172.

### iii.    Failure to Warn

The Court found that the complaint lacked facts alleging *how* Defendant's warnings were not sufficient to put Tears' physician on notice of his subsequent injuries. Plaintiff's proposed amendments cures these deficiencies. *See* Exhibit 1 at ¶¶ 191-208.

### iv.    Express warranty

The Court found that the complaint failed to state a cause of action for breach of express warranty because it lacked plead affirmative statement of fact that forms the basis of the warranty and that the product was defective. Plaintiff's proposed amendments cures these deficiencies. *See* Exhibit 1 at ¶¶ 218-230.

### v.    Breach of Implied Warranty of Merchantability

---

[3] "F5 had an opportunity to amend in response to full briefing of the defendants' motion to dismiss, and failed, in its own briefing on the motion or by motion for leave to amend after the district court dismissed the case, to explain how it proposed to amend the complaint to cure its defects. To this day, F5 has not explained how it could amend the complaint to plead demand futility or otherwise survive an amotion to dismiss."

The Court found that the complaint failed to state a cause of action for breach of implied warranty which would allege a defect in the product. Plaintiff's proposed amendments cures these deficiencies. *See* Exhibit 1 at ¶¶ 243-248.

### vi.    Misrepresentation

The Court specifically noted that Plaintiff's complaint lacked allegations to support the conclusions that Defendant acted knowingly or that Plaintiff justifiably relied on the alleged misrepresentations.  Plaintiff's proposed amended complaint cures these deficiencies as well. *See* Exhibit 1 at ¶¶ 277,283-292, 311-320, 328-329, 337-345.

## IV.    <u>CONCLUSION</u>

For the reasons outlined above, Plaintiff respectfully requests that this Court reconsider its memorandum and order dismissing Plaintiff's case, reverse this order, and re-open this case to allow Plaintiff the opportunity to amend his complaint.

Date: October 15, 2018                    Respectfully submitted,
                                          **MARC J. BERN & PARTNERS LLP**
                                          <u>*/s/ Kevin S. Wang*</u>
                                          Kevin S. Wang, Esq.
                                          60 East 42nd Street, Suite 950
                                          New York, New York 10165
                                          Tel: (212) 702-5000
                                          Email: kwang@bernllp.com

12

## CERTIFICATE OF SERVICE

I CERTIFY that on the 15th day of October 2018, I served the foregoing Plaintiff's Motion to Vacate or Alter Judgment for Defendant Boston Scientific Corporation and to Reconsider and Reopen this Case upon all counsel of record via e-mail, First-Class mail, and service via ECF notification upon filing, as follows:

> Angela R. Vicari
> Arnold & Porter LLP
> 250 West 55th Street
> New York, NY 10019
> 212-836-8000
> Fax: 212-836-8689
> Email: avicari@kayescholer.com
>
> *Counsel for Defendant Boston Scientific Corporation*

*/s/ Kevin S. Wang*
Kevin S. Wang
