UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Terrance Tears,

    Plaintiff,

–v–

Boston Scientific Corporation,

    Defendant.

17-cv-9793 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

  Plaintiff Terrance Tears brought this action against Defendant Boston Scientific Corporation ("BSC"), the manufacturer of the Greenfield vena cava filter, seeking compensatory and punitive damages from BSC for alleged negligence, strict products liability, breach of express and implied warranties, fraudulent misrepresentation and concealment, negligent misrepresentation, and violation of New York General Business Law ("GBL") §§ 349, 350. On September 29, 2018, the Court issued a Memorandum Opinion & Order granting BSC's motion to dismiss the Complaint in full, with prejudice. Dkt. No. 22. Now before the Court is Plaintiff's motion for reconsideration of the Court's September 29, 2018 Order. Dkt. No. 25. For the reasons set forth below, Plaintiff's motion is DENIED.

**I. Background**

  The Court assumes familiarity with this matter, the factual background of which described at length in the Court's September 29, 2019 Order. *See* Dkt. No. 22.

1

**III.    Legal Standard**

Plaintiff moves under Rule 60 of the Federal Rules of Civil Procedure for reconsideration of the Court's dismissal of his claims with prejudice. "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Accordingly, unless the moving party points to "matters...that might reasonably be expected to alter the conclusion reached by the Court," reconsideration should generally be denied. *Shrader v. CSX Tranp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995). This standard is exigent because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001) (internal quotation marks omitted).

**IV.    Discussion**

Plaintiff's primary argument is that the Court erred in declining to afford him an opportunity to amend his Complaint. *See* Dkt. No. 27 at 4–11. In addition, Plaintiff argues that he was not required to identify "the specific manufacturing defect claimed" or "the existence of a feasible alternative design" in order to successfully plead his manufacturing and design defect claims, and therefore that the Court should not have dismissed those claims. *See id.* at 8–10. For the reasons discussed below, neither argument advances proper grounds for Rule 60 reconsideration.

2

A.  **The Court Was Within its Direction to Dismiss Plaintiff's Claims with Prejudice**

Plaintiff argues that the Court's dismissal of his claims with prejudice was inconsistent with Rule 15(a) of the Federal Rules of Civil Procedure and with Second Circuit precedent. According to Plaintiff, district courts may grant a Rule 12(b)(6) motion without leave to amend "only if, after viewing plaintiff's allegations in [the light most favorable to plaintiff], it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *id.* at 250 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This argument misstates the law in the Second Circuit. The "no set of facts" language in *Harris*, which Plaintiff describes as "well-established in the Second Circuit," in fact describes a pleading standard that has since been abrogated by the Supreme Court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007) (*Conley*'s "no set of facts" language has been questioned, criticized, and explained away long enough....The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard....).

It is true that the Second Circuit has cautioned against denying a plaintiff leave to amend "premature[ly]." *Loreley Fin. (Jersey No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). However, in this case, the Court remains convinced that denial of leave to amend was warranted. As an initial matter, the circumstances in *Loreley* are readily distinguishable from the case at hand. Unlike the plaintiff in that case, Plaintiff here was given an opportunity to amend his Complaint in response to *fully realized* arguments in BSC's motion to dismiss. *See Loreley*, 797 F.3d at 190 (describing procedure wherein plaintiff was given an opportunity to amend only after a pre-motion conference, before having an opportunity to review defendant's brief in support of the anticipated motion to dismiss). BSC's motion to dismiss describes, in full

3

detail, deficiencies apparent on the face of Plaintiff's Complaint. Plaintiff contends that BSC's motion relied on the argument that Plaintiff failed to adequately allege any injury—an argument which the Court rejected—and therefore that he was not on notice of the deficiencies in his Complaint. *See* Dkt. No. 27 at 5. However, BSC's discussion of this argument takes up less than two pages of its 25-page memorandum of law, the rest of which more than adequately describes the deficiencies that proved fatal to Plaintiff's claims. *See* Dkt. No. 7.

In addition, "*Loreley* does not...require that a plaintiff receive, as a matter of course, repeated judicial decisions on the same motion." *Lopez v. Ctpartners Executive Search, Inc.*, 173 F.Supp.3d 12, 43 (S.DN.Y. 2016). Indeed, *Loreley* explicitly left unchanged "the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility." *Id.* at 190. These traditional grounds also provided a basis for denial. After BSC filed its motion, the Court put Plaintiff on notice that "declining to amend its pleadings to timely respond to a fully briefed argument in Defendant's December 21 motion to dismiss may well constitute a waiver of the Plaintiff's right to use the amendment process to cure any defects that have been made apparent by Defendant's briefing." Dkt. No. 8. Despite being on notice, Plaintiff declined to address the fatal deficiencies described by BSC either through the amendment process or in his opposition to the motion to dismiss. And, Plaintiff's request for leave to amend the Complaint, contained in a footnote in his opposition to the motion to dismiss, "g[ave] no clue as to how the complaint's defects would be cured." *Loreley* 797 F.3d at 190. Instead, Plaintiff waited almost a year after learning of the Complaint's deficiencies to attempt to address them in the instant motion for reconsideration, thereby delaying the litigation and suggesting a dilatory motive. To allow Plaintiff to amend in these circumstances would encourage such behavior from litigants and unnecessarily burden both Defendant and the Court.

*See Lopez*, 173 F. Supp. 3d at 44 (denying leave to amend in similar circumstances in part because allowing amendment would "unhelpfully encourage counsel in future cases to forgo earlier opportunities to replead once on notice of the full arguments favoring dismissal").

Finally, the nature of the Complaint—which, in large part, merely recites background information regarding vena cava filters and restates the elements of each of its twelve claims in conclusory terms—suggested that amendment would be an exercise in futility. *See generally* Dkt. No. 1; *cf. Loreley*, 797 F.3d at 191 (assessing that leave to amend was appropriate where the determination to dismiss the complaint "entail[ed] judgment calls on which reasonable minds can differ in a not insignificant number of cases"). Given these circumstances, it was well within this Court's discretion, in the absence of any indication to the contrary, to conclude that amendment would be futile and contrary to the interests of justice. *See* Dkt. No. 22 at 20-21.

Because Plaintiff has pointed to nothing that "might reasonably be expected to alter the conclusion reached by the Court" with respect to his request for leave to amend, the motion for reconsideration of dismissal with prejudice must be denied. *Shrader v. CSX Tranp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995).

### B.  There Was No Clear Error in the Court's Dismissal of Plaintiff's Manufacturing and Design Defect Claims

Plaintiff also argues that the Court erred in dismissing his manufacturing and design defect claims because his pleadings, which did not identify a specific manufacturing defect or a feasible alternative design, were nonetheless sufficient under New York law. *See* Dkt. No. 27 at 8-9. The sufficiency of Plaintiff's pleading on these claims was fully addressed by both parties in their briefing on the motion to dismiss, and by the Court in its September 29, 2018 Order. Plaintiff may not, at this stage, advance "new arguments or issues that could have been raised on the original motion." *Archer v. TNT USA, Inc.*, 12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014). The

Court has reviewed the cases cited by Plaintiff, but none demonstrate clear error in the Court's dismissal or an intervening change in the law. Accordingly, this argument is not a proper ground for reconsideration. *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## V. Conclusion

For the above reasons, Plaintiff's motion for reconsideration is DENIED. This Order resolves Dkt. No. 25.

SO ORDERED.

Dated: July 3, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge